Matter of Djukanovic v Metropolitan Cleaning LLC (2019 NY Slip Op 07974)





Matter of Djukanovic v Metropolitan Cleaning LLC


2019 NY Slip Op 07974


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

528070

[*1]In the Matter of the Claim of Nazlja Djukanovic, Appellant- Respondent,
v
Metropolitan Cleaning LLC et al., Respondents- Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant-respondent.
William J. O'Brien, State Insurance Fund, New York City (Anthony Obiajulu of counsel), for respondents-appellants.



Garry, P.J.
Cross appeals from a decision of the Workers' Compensation Board, filed May 18, 2018, which, among other things, ruled that claimant was barred from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 29.
Claimant suffered work-related injuries in August 2012 and her claim for workers' compensation benefits was established. In 2013, claimant commenced a third-party action related to her injuries. In May 2015, claimant signed and filed a stipulation of discontinuance of the third-party action. The employer's workers' compensation carrier thereafter suspended claimant's benefit payments as of February 23, 2016 for discontinuing the third-party action without obtaining the carrier's consent. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had discontinued the third-party action without the carrier's consent. The WCLJ also found, however, that the carrier had improperly stopped making benefits payments without requesting a hearing on the discontinuance and awarded claimant 20 weeks of benefits and assessed a penalty against the carrier. Both parties sought full Workers' Compensation Board review. In a decision filed May 18, 2018, the Board affirmed the WCLJ's finding that claimant was ineligible to collect future benefits due to discontinuing the third-party action without the consent of the carrier. Further, although the Board agreed with the WCLJ that the carrier had erred in stopping payments without being directed to do so, it modified the WCLJ's decision by reducing the amount owed claimant to 14 weeks of benefits and reducing the penalty against the carrier. Claimant appeals, as does the employer and the carrier collectively.
This Court has been informed that the Board issued a new decision on May 15, 2019 that amended and superseded the May 18, 2018 decision. The Board's amended decision has rendered the appeal and cross appeal moot (see Matter of Bleakley v Verizon Servs. Group, 104 AD3d 1099, 1100 [2013]; Matter of Cucinella v New York City Tr. Auth., 82 AD3d 1453, 1454 [2011]).
Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the appeal and cross appeal are dismissed, as moot, without costs.